## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| Kevin Sell,<br><br>　　　　　Plaintiff,<br>v.<br><br>ProCollect, Inc.,<br><br>　　　　　Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Kevin Sell, by undersigned counsel, states as follows:

## **JURISDICTION**

1.	This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Georgia Fair Business Practices Act O.C.G.A. § 10-1-390, *et seq*. (the "GFBPA") and the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA") in their illegal efforts to collect a consumer debt.

2.	Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4.	Plaintiff, Kevin Sell ("Plaintiff"), is an adult individual residing in Athens, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and O.C.G.A. § 10-1-392(6). Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant ProCollect, Inc. ("ProCollect"), is a Texas business entity with an address of 12170 N. Abrams Road, Suite 100, Dallas, Texas 75243, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6). ProCollect is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to ProCollect for collection, or ProCollect was employed by the Creditor to collect the Debt.

9. ProCollect attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Engages in Harassment and Abusive Tactics

10. Within the last year, ProCollect began calling Plaintiff's cellular telephone, number 770-xxx-0893, using an artificial or prerecorded voice, in an attempt to collect the Debt.

11. On or about October 15, 2022, ProCollect left an automated voicemail message for Plaintiff that stated:

> This is a personal business alert for Kevin Sell, if you are not Kevin Sell please hang up at this time. This message includes private information and should not be played in a manner where it can be heard by others. This call is from PCI, please call 1-800-732-3799.

12. In its message, ProCollect failed to disclose the true identity of the collection agency by only referring to itself as "PCI".

13. The information conveyed in the message was regarding a debt.

14. ProCollect failed to disclose that the communication was from a debt collector, as required by law.

15. On or about November 18, 2022, Plaintiff called ProCollect and requested that it cease placing automated calls to him.

16. In complete disregard of Plaintiff's cease request, ProCollect continued to call and leave pre-recorded/automated voicemail messages on Plaintiff's cellular telephone number.

17. ProCollect's actions caused Plaintiff a great deal of confusion, frustration and distress.

## C. Plaintiff Suffered Actual Damages

18. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

19. As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

20. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

24. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

27. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

28. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, *et seq.*

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

32. The Plaintiff incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

33. The Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

34. The Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

35. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT III

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et. seq*

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an artificial or prerecorded voice.

38. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

40. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

41. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendant;

2. Statutory damages of pursuant to 15 U.S.C. §1692k(a)(2)(A) and 47 U.S.C. § 227(b)(3)(B) against Defendant;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) and 47 U.S.C. § 227(b)(3)(C) against Defendant;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendant;

5. Actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

6. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendant; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 2, 2023

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Kevin Sell
LEMBERG LAW, L.L.C.

43 Danbury Road, 3rd Floor  
Wilton, CT 06897  
Telephone: (203) 653-2250 ext. 5500  
Facsimile:   (203) 653-3424  
Email: slemberg@lemberglaw.com